**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDERSON P. THURSTON, | No. 10-15588 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01115-CRB |
| v. | |
| RICHARD CELLI, Sgt.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Anderson P. Thurston appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants, Santa Rosa police officers, violated the Fourth and Fourteenth Amendments when they shot and killed his son, Haki Thurston. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo the district court's grant of summary judgment, and we may affirm on any ground supported by the record. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). We affirm.

It is uncontested on this record that defendants had probable cause to believe that Haki Thurston had, on the night of the shooting, shot and killed his cousin. In addition, it is uncontested that defendants had probable cause to believe that Haki Thurston was involved in a residential burglary prior to the evening in question that included the theft of firearms. Finally, it is uncontested that at the time of the shooting, defendants had probable cause to believe that Haki Thurston was armed and dangerous and was fleeing the police to evade arrest. Defendants' actions were therefore reasonable, and they are entitled to qualified immunity. *See Long v. City & Cnty. of Honolulu*, 511 F.3d 901, 906 (9th Cir. 2007) (in determining objective reasonableness of use of deadly force, courts should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" (citation and internal quotation marks omitted)); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 853-54 (1998) (when unforeseen circumstances demand an instant judgment on the part of an officer who feels the pulls of competing obligations, only a purpose to cause harm

unrelated to the legitimate object of arrest will satisfy the shocks-the-conscience test and give rise to a claim under the Fourteenth Amendment).

The district court did not abuse its discretion in denying Thurston's motion for Rule 11 sanctions. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth standard of review).

Thurston's remaining contentions are unpersuasive.

Thurston's motion for appointment of counsel is denied.

**AFFIRMED.**